IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 24-cv-2167 |
| CITY OF CHICAGO, a municipal ) | |
| corporation, RONALD WATTS, former ) | |
| Chicago Police Sergeant, former P.O. ) | |
| KALLATT MOHAMMED, P.O. ALVIN ) | Honorable Andrea Wood |
| JONES, P.O. ELSWORTH SMITH Jr., ) | |
| P.O. DOUGLAS NICHOLS JR., ) | |
| P.O. LAMONICA LEWIS, PHILIP ) | |
| CLINE, DANA STARKS, and other ) | |
| as-yet-unidentified officers of the ) | |
| Chicago Police Department, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## INITIAL STATUS REPORT

Plaintiff Joseph Roberts submits the following initial status report. As reflected on the docket, counsel for Defendants have not yet filed appearances in this case.

At the outset, Plaintiff notes that this case is part of the *In re: Watts Coordinated Pretrial Proceedings*, 19 CV 1717 ("Coordinated Proceedings"), a group of over 170 cases involving claims by plaintiffs alleging wrongful arrests by current and former Chicago Police Department officers. Judge Valderrama and Magistrate Judge Finnegan oversee the pretrial proceedings, including discovery, in the Coordinated Proceedings.

1. **Nature of the Case**

   A. **Identify the attorneys of record for each party, including the lead trial attorney.**

| *Party* | *Counsel* |
|---|---|
| Plaintiff Joseph Roberts | Jon Loevy (Lead trial attorney), Arthur Loevy, Scott Rauscher, Josh Tepfer, Theresa Kleinhaus, Sean Starr, Wallace Hilke, and Gianna Gizzi<br>LOEVY & LOEVY<br>311 N. Aberdeen St., Third Floor<br>Chicago, IL 60607<br>(312) 243-5900 |

| | |
|---|---|
| Defendants Alvin Jones, Douglas Nichols, Lamonica Lewis, and Elsworth Smith | TBD |
| Defendant Ronald Watts | TBD |
| Defendant Kallatt Mohammed | TBD |
| Defendants City of Chicago, Philip Cline, and Dana Starks | TBD |

B. **Identify any parties that have not yet been served.**

On March 20, 2024, Plaintiff requested that all Defendants waive service of process, but none of the Defendants have done so yet. Additionally, all Defendants named in this case are also defendants in other cases that are part of the Coordinated Proceedings, and counsel for the Defendants have waived service in each of those cases.

Therefore, Plaintiff anticipates that all Defendants will waive service of process in this case. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff has until May 19, 2024 to serve the Defendants who have not agreed to waive service.

C. **State the basis for federal jurisdiction.**

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of Plaintiff's rights as secured by the Constitution of the United States. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and it has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

D. **Describe generally the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff alleges that he was wrongfully arrested in July 2007 by a group of current and former Chicago Police Department officers for drug crimes. Plaintiff alleges that he was framed by the named defendant officers for drug charges on which he was subsequently prosecuted.

E. **State the major legal and factual issues in the case.**

The major factual issues are:

- Whether Plaintiff was wrongfully arrested, prosecuted, and convicted for drug crimes he did not commit;

- What role the Defendants played in Plaintiff's arrest and prosecution;

- Whether Defendant City of Chicago had or should have had knowledge or awareness of

- any of its named defendant officers' alleged misconduct;

- Whether Defendant City turned a blind eye to any of the named defendant officers' alleged misconduct; and

- Whether the arresting officers' actions in arresting Plaintiff were appropriate under the circumstances.

The major legal issues are:

- Whether Defendants violated Plaintiff's rights under the United States Constitution and analogous state-law torts;

- Whether the City's policies or practices were the moving force behind the constitutional violations, such that the City is liable under *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978) and its progeny.

- Whether the arresting officers had probable cause to arrest Plaintiff;

- Whether the individual defendants are entitled to qualified immunity; and,

- If the named defendant officers committed the misconduct as alleged, whether their actions were within the scope of their employment.

    F.    **Describe the relief sought.**

Plaintiff seeks compensatory damages for the loss of liberty and emotional distress allegedly caused by his wrongful conviction, punitive damages from the individual Defendants, and attorney's fees and costs pursuant to §1988. Plaintiff intends to ask a jury to determine the appropriate measure of damages.

**2.**     **Case Plan**

    A.    **Identify all pending motions.**

There are no pending motions currently for the court to consider.

    B.    **State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**

Not applicable to Plaintiff.

    C.    **Submit a proposed discovery plan.**

As noted above, this case is part of the Coordinated Proceedings, which are assigned Judge Valderrama and Magistrate Judge Finnegan for pretrial proceedings. (Dkt. 2 of Case No. 19-cv-1717). Accordingly, Plaintiff is not proposing a discovery schedule because deadlines for discovery will be set by the judges overseeing the Coordinated Proceedings. *See* Dkt. 2 (Case

Management Order 2), ¶ 4 in Case No. 19-cv-1717.

Discovery has been ongoing in the Coordinated Proceedings for several years. In 2022, the parties in the Coordinated Proceedings proposed that instead of continuing to litigate all the cases in the Coordinated Proceedings simultaneously, they instead concentrate on test cases along the lines of those used in MDL proceedings. *See* Dkt. 363 in Case No. 19-cv-1717. Subsequently, the parties jointly proposed 19 cases to serve as the test cases, and this case is not one of those test cases. *See* Dkt. 393 in Case No. 19-cv-1717. Fact discovery is stayed for the non-test cases, such as this one. *See* Dkts. 491 & 606 in Case No. 19-cv-1717.

On November 21, 2023, Defendants jointly moved to extend fact discovery in the test cases to June 30, 2024. Dkt. at 614 in Case No. 19-cv-1717. In large part, Plaintiffs opposed Defendants' proposed extension. Dkt. 617 in Case No. 19-cv-1717.

On January 10, 2024, Judge Finnegan granted Defendants' motion in part and denied it in part. The parties are working to complete the additional discovery that Magistrate Judge Finnegan allowed. Thus, fact discovery, with limited exceptions, for the 19 test cases closed on December 18, 2023. *See* Dkt. 419 in Case No. 19-cv-1717.

    D.    **State whether there has been a jury demand and the estimated length of the trial.**

Plaintiff has requested a jury trial. Plaintiff estimates that the trial would be approximately 10 trial days.

**3.    <u>Settlement</u>**

    A.    **State whether any settlement discussions have occurred and describe the status of any such discussions. Do *not* provide the particulars of any settlement demands/offers.**

The parties in the Coordinated Proceedings previously participated in settlement discussions with Magistrate Judge Finnegan.

    B.    **State whether the parties believe that a settlement conference would be productive at this time.**

Plaintiff does not request a settlement conference at this time.

**4.    <u>Consent to Proceed Before a Magistrate Judge</u>**

Plaintiff will discuss this matter with Defendants once they appear in this litigation.

Respectfully Submitted,

*/s/ Gianna Gizzi*
*One of Plaintiff's Attorneys*

Jon Loevy
Arthur Loevy
Scott Rauscher
Josh Tepfer
Theresa Kleinhaus
Sean Starr
Wallace Hilke
Gianna Gizzi
LOEVY & LOEVY
311 North Aberdeen Street,
Chicago, IL 60607
(312) 243-5900
gizzi@loevy.com